IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MISTY JOHNSON, )
)
    Plaintiff, )
)
v. ) Case No. CIV-15-1354-D
)
WARREN FEDERAL CREDIT UNION, )
*et al.*, )
)
    Defendants. )

**O R D E R**

Before the Court is Defendant Warren Federal Credit Union's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue [Doc. No. 12], filed pursuant to Fed. R. Civ. P. 12(b)(2) and 28 U.S.C. § 1404(a). Plaintiff Misty Warren has responded to the Motion by opposing dismissal but, in the alternative, requesting a transfer of the case to Colorado. The Motion is fully briefed and at issue.

**Factual and Procedural Background**

As pertinent to the Motion, Plaintiff brings suit against Warren Federal Credit Union ("WFCU") and other defendants under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. *See* Compl. [Doc. No. 1], ¶¶ 141-169.[1] Plaintiff claims WFCU violated several provisions of §1681s-2(b) after she disputed information on her credit report regarding

---

[1] An introductory paragraph of the Complaint incorrectly states that Plaintiff asserts claims against WFCU under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. *See id.* ¶ 1. Nowhere in the body of the Complaint does Plaintiff allege that WFCU was a debt collector or that it violated any provision of FDCPA.

an alleged unpaid debt to WFCU that was inaccurately reported to consumer credit reporting agencies. The Complaint states Plaintiff is a consumer who resides in Oklahoma City, Oklahoma, but it is silent about WFCU's business or location. Regarding WFCU's activities or involvement in the underlying dispute, the Complaint states only that Plaintiff "sent a dispute letter to WFCU" but "received no response at all," and she believes "WFCU verified to [credit reporting agencies] that Plaintiff had personal liability for the debt and that the amount is still due and owing." *See id*. ¶¶ 15, 17, 19. The Complaint does not articulate a basis for the exercise of personal jurisdiction over WFCU in this forum.

With its Motion, WFCU presents the affidavit of a corporate representative that provides facts pertinent to the personal jurisdiction analysis. WFCU's evidence shows: it is a federally chartered credit union with a main office in Wyoming and another office in Colorado; it is not registered to do business in Oklahoma and does not do business here; it owns no property and pays no taxes in Oklahoma; it was served with process in this case through a registered agent in Colorado; the factual matters that form the basis of Plaintiff's claims against it concern an automobile loan financed by WFCU; all activities involving the automobile sales transaction and the loan occurred in Colorado; all conduct of WFCU about which Plaintiff complains occurred in either Colorado or Wyoming; and all of WFCU's employees involved in this matter are located either in Colorado or Wyoming.

In response to the Motion, Plaintiff states that WFCU's internet website indicates it has service centers throughout the country and "36 co-op service centers in Oklahoma City,

Oklahoma alone." *See* Pl.'s Resp. Br. [Doc. No. 21], p.3 & n.1 (citing https://coopcreditunions.org/locator/searchresults/?loctype=S&address=&city=oklahoma +city&state=OK&cuname=&maxradius=20&country=&Submit=Search). Plaintiff argues this shows WFCU is doing business in Oklahoma. Plaintiff also contends WFCU can properly be sued in Oklahoma because it has engaged in tortious activity aimed at an Oklahoma resident.[2] Plaintiff argues that "illegal conduct, although initiated from a remote location, nevertheless hits its target in the state where the injured consumer lives." *See* Pl.'s Resp. Br. [Doc. No. 21], p.13.

**Standard of Decision**

Plaintiff has the burden of establishing personal jurisdiction over each defendant. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004); *Intercon, Inc. v. Bell Atl. Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000). If a Rule 12(b)(2) motion is decided without an evidentiary hearing on the basis of affidavits and written materials, Plaintiff need only make a *prima facie* showing that personal jurisdiction exists. *See Benton*, 375 F.3d at 1074; *Intercon*, 205 F.3d at 1247; *see also Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010). The Court must accept uncontroverted factual allegations as true and must resolve all factual disputes in Plaintiff's favor. *Bartile Roofs*, 618 F.3d at 1159; *Benton*, 375 F.3d at 1074-75; *Intercon*, 205 F.3d at 1247. However,

---

[2] Plaintiff argues generally that WFCU engaged in unspecified "collection activity," consumer credit law violations, and FCRA violations within the state. *See* Pl.'s Resp. Br. [Doc. No. 21], pp.3-4, 10, 13. But Plaintiff provides no factual basis or context for these arguments.

"even well-pleaded jurisdictional allegations are not accepted as true once they are controverted by affidavit." *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011). When a defendant with access to operative facts submits an affidavit based on personal knowledge, the opposing party must create a genuine issue "through specific averments, verified allegations, or other evidence." *Id*.

**Discussion**

"[B]efore 'a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)) (internal quotation omitted); *see Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Because FCRA does not authorize nationwide service of process, the federal rules authorize the application of the Oklahoma long-arm statute in this case. *See* Fed. R. Civ. P. 4(k)(1)(A);[3] *see also Trujillo*, 465 F.3d at 1217 (applying Rule 4(k)(1)(A) in action under 42 U.S.C. § 1983); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001) (applying Rule 4(k)(1)(A) in action under FCRA); *Lockard v. Equifax, Inc.*, 163 F.3d 1259,

---

[3] Rule 4(k)(1) provides generally regarding effective service as follows: "Serving a summons . . . establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."

1265 (11th Cir. 1998) (personal jurisdiction in FCRA case is accomplished by "service over nonresident defendant in the manner authorized by the forum state's law").

Under Oklahoma law, the personal jurisdiction inquiry is simply a due process analysis. *See Shrader*, 633 F.3d at 1239; *Intercon*, 205 F.3d at 1247. The familiar due process standard requires "minimum contacts" between the defendant and the forum state and a finding that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980); *Intercon*, 205 F.3d at 1247. The "minimum-contacts standard may be satisfied by showing general or specific jurisdiction." *See Bartile Roofs*, 618 F.3d at 1159-60; *see also Burger King*, 471 U.S. at 472. Because it is unclear which basis of jurisdiction is invoked by Plaintiff in this case, the Court analyzes both.

**A.     General Jurisdiction**

General jurisdiction exists if the defendant has maintained "continuous and systematic general business contacts" with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). The Supreme Court has recently refined this standard to require a foreign corporation's "affiliations with the State [to be] so 'continuous and systematic' as to render [it] essentially at home in the forum State." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)); *see also Daimler AG v. Bauman*, 134 S. Ct. 746,

761 (2014). In this case, Plaintiff merely points to information available through WFCU's website suggesting that it may provide some services to customers in Oklahoma. This fact, accepted as true, would provide an insufficient basis for the exercise of general personal jurisdiction over WFCU in this forum.

**B.     Specific Jurisdiction**

Specific jurisdiction exists "if a 'defendant has "purposefully directed" his activities at residents of the forum . . . *and* the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d, 453, 455 (10th Cir. 1996) (quoting *Burger King*, 471 U.S. at 472) (emphasis added in *Kuenzle*); *see Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). In this case, Plaintiff asserts that specific jurisdiction exists over WFCU by comparing her FCRA claim to a tort claim and utilizing the jurisdictional analysis of *Calder v. Jones*, 465 U.S. 783 (1984), to determine whether the "purposeful direction" requirement has been met for a tort action. *See* Pl.'s Resp. Br. [Doc. No. 21], pp.5-6, 8, 12-13. Plaintiff seems to argue that WFCU targeted its credit reporting activity regarding the disputed debt at her in Oklahoma, thus permitting an action related to that activity to be brought here.

The Tenth Circuit has held that in a tort-based action "'purposeful direction' has three elements: (a) an intentional action . . . that was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state." *See Niemi v. Lasshoffer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (quoting *Newsome v. Gallacher*, 722

F.3d 1257, 1264-65 (10th Cir. 2013); *see also Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1280 (10th Cir. 2016); *Dudnikov*, 514 F.3d at 1072. "In addition, a plaintiff's injuries must 'arise out of [the] defendant's forum-related activities.'" *Anzures*, 819 F.3d at 1280 (quoting *Dudnikov*, 514 F.3d at 1071) (internal quotation omitted). In *Walden v. Fiore*, 134 S. Ct. 1115 (2014), the Supreme Court recently clarified the "purposeful direction" inquiry for specific jurisdiction in tort cases. "*Walden* teaches that personal jurisdiction cannot be based on [a defendant's] interaction with a plaintiff known to bear a strong connection to the forum state." *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1180 (10th Cir. 2014). Under *Walden*, 134 S. Ct. at 1121, "the defendant's suit-related conduct must create a substantial connection with the forum State."

In this case, Plaintiff neither alleges in her Complaint nor identifies in her brief any suit-related conduct by WFCU that creates a substantial connection to Oklahoma. Plaintiff does not dispute WFCU's showing that the underlying credit transaction was conducted in Colorado. It is unclear from Plaintiff's allegations and argument exactly what wrongful conduct by WFCU was allegedly directed at Plaintiff here. The allegations of the Complaint state there have been no interactions between Plaintiff and WFCU regarding the credit reporting dispute that is the subject of this action. "[T]he mere fact that [WFCU's] conduct affected [a plaintiff] with connections to the forum State does not suffice to authorize jurisdiction." *Walden*, 134 S. Ct. at 1126; *see Anzures*, 819 F.3d at 1280. The Court

7

therefore finds that Plaintiff has failed to establish a sufficient basis for the exercise of specific personal jurisdiction over WFCU in Oklahoma.

**Conclusion**

For these reasons, the Court finds that Plaintiff has failed to make a *prima facie* showing of personal jurisdiction in this forum for her action against WFCU, and WFCU is entitled to the dismissal of this action against it.[4]

IT IS THEREFORE ORDERED that Defendant Warren Federal Credit Union's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 12] is GRANTED. Plaintiff's action against this defendant is dismissed without prejudice for lack of personal jurisdiction.

IT IS SO ORDERED this 29th day of June, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] The Court declines to entertain Plaintiff's informal request in her brief to cure any jurisdictional defect by transferring the action to a federal district court in Colorado. This case involves multiple defendants and claims. Plaintiff does not address whether Colorado is a proper forum for the action, and all parties are entitled to be heard on the issue of whether such a transfer should be made. Plaintiff's request may be made by an appropriate motion under 28 U.S.C. § 1406(a).